U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 0 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WALID NAJDAWI** <br> **A 97528970/2749** | **CIVIL ACTION NO. 08-177** <br> **SECTION P** |
| VS. | JUDGE MINALDI |
| **DIRECTOR, IMMIGRATION & CUSTOMS ENFORCEMENT, ET AL** | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner Walid Najdawi filed pursuant to 28 U.S.C. § 2241. [Doc. 1]. This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In his petition, Najdawi states that he is a citizen of Jordon and a national of Egypt who has been detained under a final order of removal issued on July 16, 2007. In his supporting materials, Petitioner indicates that he has cooperated with Immigrations and Customs Enforcement but they have been unable to effectuate his removal. [Doc. 1]. Petitioner challenges his post-removal-order custody as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future.

In light of facts presented by Petitioner, the Court ordered the government to respond. In its response, the government moves to dismiss the petition for lack of jurisdiction because Petitioner is no longer in federal custody. [Doc. 9]. In support of this contention, the government presents documentation that establishes that Petitioner was released from post-removal order detention on March 6, 2008 pursuant to an order of supervision. [Doc.9, attachment #2]. Included is a declaration by BICE Assistant Field Office Director Scott Sutterfield, that a review of the BICE database indicates that Petitioner was released on March 6, 2008. *Id.*

At the time that his petition was filed, Petitioner was in post-removal order custody pursuant to the statutory authority of United States Immigration and Customs Enforcement. However, as Petitioner was released from custody on March 6, 2008, the Court finds that there is no longer a case or controversy and, therefore, his challenge to his detention is now moot and should be dismissed.

Accordingly,

IT IS RECOMMENDED that the government's Motion to Dismiss for Lack of Jurisdiction be GRANTED, and that Petitioner's petition for writ of *habeas corpus* be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of June, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE